J-A16029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
THOMAS FRANCIS BEECH :
:
Appellant : No. 2027 EDA 2021

Appeal from the PCRA Order Entered August 31, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000676-2015,
CP-09-CR-0003138-2015, CP-09-CR-0006115-2014

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED DECEMBER 5, 2022**

Thomas Francis Beech (Appellant) appeals *pro se* from the order entered

in the Bucks County Court of Common Pleas dismissing, as untimely filed, his

second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]

Because we agree with the PCRA court that Appellant's petition was untimely

filed and that he failed to prove the applicability of one of the time-for-filing

exceptions, we affirm.

The relevant facts and procedural history underlying this appeal are as

follows. From July 2 to August 14, 2014, Appellant committed, or attempted

to commit, three burglaries in Bucks and Montgomery counties. He was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

subsequently arrested, and charged at three separate dockets, which were later consolidated for a jury trial. As we will discuss *infra*, in this appeal, Appellant challenges only his conviction at trial docket CP-09-CR-0006115-2014 (Docket 6115-2014). A prior panel of this Court summarized the facts underlying Appellant's conviction at Docket 6115-2014 as follows:

> On August 12, 2014, Amanda Paley [Paley], a resident of [Bucks County], came home with her 10–month[-]old son, and upon entering her home saw that a window and her bathroom cabinets were left open. She initially thought her husband was responsible for opening them before he left the house. She proceeded to take a shower, and upon finishing, entered her bedroom and noticed that her [closet] door was open, and some of her belongings, including an empty jewelry box, were strewn across the floor. Upon noticing this scene, Paley grabbed her son, exited the house, got in her car, and called 911.
>
> Shortly after Paley called 911, a park ranger from the adjacent Bensalem Community Park, Kenneth Buckalew [Buckalew], arrived and told Paley he would take a walk around the house to check things out. While walking around the house, Buckalew saw Appellant climb out of Paley's window holding a bag. After Buckalew arrived and proceeded to walk around the house, Paley witnessed Appellant come around the side of her house, carrying "the type of bag they normally give a patient in the hospital." Paley got out of her car and started yelling at Appellant, at which point he started running towards the nearby park. Moments later, Paley observed Appellant "pull out of the driveway of the park in a car," which was a blue Ford Focus.
>
> Prior to Buckalew being aware of the incident at Paley's residence, he took a photograph of a blue Ford Focus parked in the Bensalem Community Park parking lot because he found it suspicious, and at trial Paley identified the car in the photograph as the car in which she saw Appellant drive away. Paley also subsequently identified Appellant's vehicle that was impounded by police as the vehicle in which Appellant fled.
>
> [T]he Commonwealth's expert on cellular technology and forensics, based on Appellant's cell phone records, proffered

evidence indicating that Appellant's cell phone was used in close proximity to [Paley's] residence . . . during the time surrounding the burglary of said residence.

***Commonwealth v. Beech***, 628 EDA 2016 (unpub. memo. at 2-3) (Pa. Super. Feb. 13, 2017) (citation omitted & paragraph breaks added).

Appellant was subsequently arrested on August 28, 2014, following a stop of his motor vehicle. He was charged with burglary, criminal trespass, theft, and receiving stolen property[2] for the Paley home burglary. Paley and Buckalew later "identified Appellant via photo arrays." ***Beech***, 628 EDA 2016 (unpub. memo. at 3).

As noted ***supra***, Appellant's charges at Docket 6115-2014 were consolidated with two other dockets for trial — CP-09-CR-0000676-2015 (Docket 676-2015) and CP-09-CR00003138-2015 (Docket 3138-2015). At Docket 676-2015, Appellant was charged with burglary and related offenses for a July 2, 2014, break-in at a home in Montgomery County. ***See Beech***, 628 EDA 2016 (unpub. memo. at 1). The homeowner arrived to find an unknown blue Ford Focus in her driveway. ***Id.*** She then witnessed a man, whose arm was "wrapped up," exit her home and drive off in the vehicle. ***Id.*** Upon further investigation, the homeowner discovered her back window was broken, and there was "blood all over[.]" ***Id.*** (citations & internal quotation marks omitted). Subsequent testing revealed the DNA of the blood matched Appellant. ***Id.*** at 1-2.

---

[2] ***See*** 18 Pa.C.S. §§ 3502(a)(1), 3503(a)(1)(ii), 3921(a), and 3925(a), respectively.

- 3 -

At Docket 3138-2015, Appellant was charged with attempted burglary and related offenses after a homeowner in Bucks County "encountered Appellant trying to get into her back door." *See Beech*, 628 EDA 2016 (unpub. memo. at 2) (quotation marks & citation omitted). Appellant left when the homeowner told him she was going to call the police. *Id.*

Before trial, Appellant's attorney — Ann P. Russavage-Faust, Esquire — filed a suppression motion challenging the August 28th stop of his motor vehicle, and the witnesses' identification of him *via* an uncounseled photo array. *See* Appellant's Omnibus Pre-trial Motions, 3/30/15, at 1-3 (unpaginated). Following a hearing, the trial court found the police officer had reasonable suspicion to justify the investigatory stop of Appellant's vehicle, which subsequently led to his identification as the culprit in the burglaries, but that the Paley and Buckalew's out-of-court identifications of Appellant must be suppressed because Appellant was not provided with counsel. *See* N.T. Suppression H'rg, 10/6/15, at 17-18, 102-03. However, the trial court declined to suppress any in-court identification of Appellant by Paley and Buckalew because it found they both had a sufficient independent basis to identify Appellant. *See id.* at 102-03.

Following a consolidated trial, a jury found Appellant guilty of numerous offenses at each docket, including all of the charges at Docket 6115-2014. Appellant was sentenced on January 22, 2016, to an aggregate term of six to 15 years' imprisonment. Specifically, for the Paley burglary, the court sentenced Appellant to four to 10 years' imprisonment for burglary, and no

further punishment for the remaining offenses. This Court affirmed Appellant's judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied Appellant's petition for *allocatur* review on August 2, 2017. *See Beech*, 628 EDA 2016, *appeal denied*, 155 MAL 2017 (Pa. Aug. 2, 2017).

Appellant filed a timely, *pro se* PCRA petition on August 9, 2018, in which he argued, *inter alia*, trial counsel's ineffectiveness for failing to impeach the officer who arrested him, and failing to correct "errors from [his] suppression hearing[.]" *See* Appellant's Motion for Post Conviction Collateral Relief, 8/9/18, at 4. He also requested the "911 phone calls/transcripts" from the Paley burglary. *Id.* at 7. Bonnie Keagy, Esquire, was appointed to represent Appellant; however, on January 3, 2019, she filed a petition to withdraw and *Turner*/*Finley*[3] no-merit letter. Thereafter, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. After being granted additional time to respond to the court's Rule 907 notice, Appellant filed a *pro se* amended PCRA petition on March 28, 2019, in which he repeated his ineffectiveness challenge to Attorney Russavage-Faust's representation during the suppression hearing, and also criticized her for failing to retain a medical expert or pursue discovery violations. *See* Appellant's Amended Petition for Post-Conviction Collateral Relief, 3/28/19, at 3, 12, 15. On April 15, 2019, Appellant filed a *pro se* formal motion to compel

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (1988) (*en banc*).

the disclosure of the Paley burglary 911 calls, noting that Paley testified at trial that she made two calls to 911. **See** Appellant's Motion to Compel Disclosure of Emergency Response Communications, 4/15/19, at 1. Thereafter, on April 26th, Attorney Keagy filed a second petition seeking to withdraw as PCRA counsel. By order entered May 29, 2019, the PCRA court denied both Appellant's initial and amended PCRA petitions, denied without prejudice Appellant motion for disclosure of records, and granted Attorney Keagy's petition to withdraw as counsel. **See** Order, 5/29/19.

However, on June 10, 2019, the PCRA court vacated its May 29th order after acknowledging it did not provide Appellant with the opportunity to respond to Attorney Keagy's second petition to withdraw. **See** Order, 6/10/19. Appellant filed a response on August 9th, and the PCRA court entered an order on September 11, 2019, again denying Appellant relief on his PCRA petitions, and granting Attorney Keagy's petition to withdraw. **See** PCRA Order, 9/11/19. That same day the court entered a second order directing that Appellant be provided with a trial transcript he requested, and granting his motion to compel disclosure of the 911 calls. **See** Discovery Order, 9/11/19. The order directed: "If the Commonwealth is in possession of [the 911 emergency response] communications, it shall provide a copy to" Appellant. **Id.** Appellant filed an appeal of the order denying PCRA relief, which was dismissed by this Court on June 17, 2020, when Appellant failed to file a brief. **See Commonwealth v. Beech**, 3037 EDA 2019, Order (6/17/20).

Meanwhile, in February of 2020, Appellant filed a Petition for Writ of Mandamus, seeking to compel the Commonwealth to comply with the court's September 2019 order directing it to provide Appellant with Paley's 911 calls. *See* Petition for Writ of Mandamus, 2/19/20, at 9. The Commonwealth filed an answer to the petition on June 11, 2020, averring the following: (1) it possessed "**one** call to emergency communications [by Paley] placed on August 12, 2014, as well as an accompanying dispatch summary[;]" (2) "[a]ll materials related to this call possessed by the Commonwealth were provided to [Appellant's] counsel pre-trial[;]" and (3) "[o]n March 16, 2020, the Commonwealth recreated a disc" of the 911 call and dispatch summary, and mailed it to Appellant. Commonwealth's Answer to Appellant's Petition for Writ of Mandamus, 6/11/20, at 2 (unpaginated) (emphasis added). The Commonwealth further stated that the correspondence was "returned as refused" and its additional attempts to deliver the package were unsuccessful. *See id.* at 3 (unpaginated). After further investigation, the Commonwealth learned that Appellant was unable to receive any discs in prison because they were considered to be contraband, but that it could provide a disc to the Corrections Superintendent Assistant, who would then make arrangements with Appellant to review its contents. *See id.* The Commonwealth averred that it did send such a request to the Corrections Superintendent Assistant. *Id.* Thus, it asserted that it had attempted to comply with the court's order but was unable to do so for reasons outside of its control. *Id.* at 5.

The trial court scheduled a hearing for July 27, 2020, at which time it dismissed Appellant's petition as moot. *See* Bucks County Criminal Court Sheet, 7/27/20. Appellant claims that he learned for the first time on that day that the "Commonwealth only possessed one 911 call from [Paley on] August 12, 2014[.]" Appellant's Brief at 13.

On September 25, 2020, Appellant filed the present PCRA petition, his second. He argued, *inter alia*, that the Commonwealth committed a **Brady**[4] violation when it failed to disclose the fact that the only one 911 call from the Paley burglary existed, and therefore, it solicited perjury when Paley testified she made a **second** call to 911. *See* Appellant's Motion for Post Conviction Collateral Relief, 9/25/20, at 3. On June 9, 2021, the PCRA court issued Appellant Rule 907 notice of its intent to dismiss the petition. After requesting and being granted an extension of time to respond, Appellant filed an Amended Second PCRA petition on August 25, 2021. Appellant asserted, *inter alia*, his claim satisfied the governmental interference and newly discovered facts exceptions to the PCRA's timing requirements. *See* Appellant's Amended Second Petition for Post Conviction Collateral Relief, 8/25/21, at 6-7. Furthermore, he attached to his petition a transcript of Paley's single 911 call on August 12, 2014, as well as the accompanying Police Dispatch Summary

---

[4] **Brady v. Maryland**, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

that provided additional information not included in the 911 transcript — particularly, Paley's description of the suspect and his vehicle. **See id.** at Exhibit 2, Transcript of Paley 911 Emergency Services Phone Call, 8/12/14; Exhibit 3, Police Dispatch Summary of Paley 911 Call, 8/12/14. On August 31, 2021, the PCRA court denied Appellant's request for relief. Order, 8/31/21. Appellant filed a timely notice of appeal, and complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed an opinion on December 16, 2021.

As a preliminary matter, we note that Appellant filed a single notice of appeal listing all three underlying docket numbers, which is violative of the Pennsylvania Supreme Court's ruling in **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (separate notices of appeal required when a single order resolves issues arising on more than one docket). **See** Appellant's Notice of Appeal, 9/27/21. Therefore, on November 17, 2021, this Court issued Appellant a rule to show cause why this appeal should not be quashed in light of **Walker**. **See** Order, 11/17/21. Appellant filed a response asserting that he is only appealing the denial of relief as to Docket 6115-2014. **See** Appellant's Petition Responding to Superior Court's [Show Cause] Order, 11/29/21, at 2 (unpaginated). On December 15th, this Court entered an order referring the issue to the merits panel. Order, 12/15/21.

We note that on December 22, 2021, the Pennsylvania Supreme Court issued its decision in **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021),

- 9 -

which overruled **Walker** to the extent it mandated the quashal of appeals that did not expressly comply with **Walker**. Rather, the Court held:

> [Pa.R.A.P.] 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.

**Young**, 265 A.3d at 477. In that case, the appellant — the Commonwealth — had requested leave to correct its defective notices of appeal, which this Court denied. **See id.** at 467-68. The **Young** Court remanded the appeal back to this Court to "reconsider the Commonwealth's request to remediate its error[.]" **Id.** at 477-78. Upon remand, this Court remanded the appeal to the trial court to allow the Commonwealth the correct its procedural error. **See Commonwealth v. Young**, 280 A.3d 1049, 1051 (Pa. Super. 2022).

Although we could remand the present appeal to permit Appellant the opportunity to file a corrected notice of appeal, we decline to do so since Appellant expressly stated that he is **only** appealing the PCRA order denying relief at Docket 6115-2014. **See** Appellant's Petition Responding to Superior Court's [Show Cause] Order at 2 (unpaginated). Indeed, the issues he raises on appeal — which pertain only to the 911 phone calls concerning the Paley burglary — support this assertion. **See** Appellant's Brief at 2-3 (challenging the Commonwealth's failure to disclose 911 calls related only to Paley burglary). Accordingly, we will consider Appellant's appeals at Dockets 676-2015 and 3138-2015 abandoned and confine our review to Docket 6115-2014.

*See Commonwealth v. Benson*, 817 WDA 2021 (Pa. Super. Oct. 5, 2022) (unpub. memo. at 3-5) (declining to remand for corrected filings when appellant improperly filed single notice of appeal from sentence imposed at two dockets; "the crux of his argument is that the court imposed too harsh of a sentence of imprisonment[,]" no term of imprisonment was imposed at second docket, so Court would consider claims at second docket abandoned).

Appellant presents the following two claims for our review:

A. Whether [the Commonwealth] rendered prosecutorial misconduct by actively soliciting false testimony and evidence about a second . . . 911 phone call admittedly not in their possession, by allowing . . . Paley to testify falsely without correcting the errors concerning the second . . . 911 phone call and it's [sic] alleged contents, and the knowing exploitation of the false evidence/testimony during closing arguments concerning a second . . . 911 phone call resulting in multiple "Brady" violations because it contained allegedly many multiple facts violating [Appellant's] state and federal constitutional rights to due process of law, a fair trial, and confrontation of adverse witnesses against him?

B. Whether [trial counsel] rendered ineffective assistance of counsel in violation of [Appellant's] Sixth . . . Amendment to the U.S. Constitution for her failure to investigate pre-trial the number and contents of . . . Paley's 911 phone call, her failure to object to multiple "Brady" violations concerning the use of a second . . . 911 phone call and it's [sic] alleged contents, and her failure to effectively cross-examine . . . Paley concerning any of the false testimony about the alleged second . . . 911 phone call and/or its alleged contents?

Appellant's Brief at 2-3.

When reviewing an order denying PCRA relief, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (citation

- 11 -

omitted). A PCRA court may "decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." **Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation & quotation marks omitted).

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. **Commonwealth v. Whiteman**, 204 A.3d 448, 450 (Pa. Super. 2019) (citation omitted). **See also** 42 Pa.C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence was final on October 31, 2017 — 90 days after the Pennsylvania Supreme Court denied *allocatur* review of his direct appeal, and Appellant declined to petition the United States Supreme Court for a writ of *certiorari*. **See** 42 Pa.C.S. § 9545(b)(3) (for purpose of PCRA timeliness provisions, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13 ("[A] petition for a writ of certiorari to review a judgment in any case, . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Thus, his current petition, filed nearly three years later, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(1).

Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition

invoking an exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Presently, Appellant invokes both the governmental interference and the newly discovered facts exceptions set forth at Section 9545(b)(1)(i) and (ii). *See* Appellant's Amended Second Petition for Post Conviction Collateral Relief at 6-7; Appellant's Brief at 11. He combines these exceptions by arguing that the Commonwealth interfered with his ability to raise this claim when it failed to timely produce the single Paley 911 phone call it had in its possession, which contradicted Paley's testimony at trial that she made two calls. *See* Appellant's Amended Second Petition for Post Conviction Collateral Relief at 6-7. Appellant maintains that despite his due diligence in obtaining the 911 call, the Commonwealth "failed to provide the Second 911 call pre-trial or disclose that they did not possess it during trial." Appellant's Brief at 11-13, 15 (record citation omitted). He avers he discovered the fact that the Commonwealth possessed only one 911 call from Paley on July 27, 2020, and filed his second PCRA petition sixty days later. *Id.* at 13.

The governmental interference exception provides relief if a petitioner proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i).

> The proper question with respect to Subsection 9545(b)(1)(i)'s timeliness exception is "whether the government interfered with

Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based."

***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa. Super. 2019) (citation omitted), *appeal denied*, 229 A.3d 565 (Pa. 2020). In order to obtain relief pursuant to the newly discovered facts exception, a petitioner must prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

The crux of Appellant's claim is that either Paley lied at trial when she testified she made two calls to 911 on August 12, 2014, or the Commonwealth continues to withhold the second 911 call from Appellant. Appellant emphasizes the importance of the second call, which contained Paley's description of the culprit and his vehicle. He states: "Upon reviewing the contents of the Second 911 call, [A]ppellant realized the witness['s] ability to identify [him] was extremely inconsistent with the witness['s] testimony at the Preliminary Hearing in a way that afforded the witness a better opportunity to be able to identify [A]ppellant." Appellant's Brief at 15. He focuses on the information provided in the "Police Dispatch Summary" — which includes the same information Paley claims she told the dispatcher in the second call — and compares it to the description of the culprit and vehicle Paley provided in her preliminary hearing and trial testimony. ***See id.*** at 15, 30, 32-33.

Here, the PCRA court found Appellant failed to prove the applicability of either timing exception. The court opined:

Appellant contends . . . his [July 2020] receipt of a disc containing the emergency services phone call and dispatch summary all aided his discovery that [Paley] made only one 911 phone call on the date of her burglary. Appellant alleges that this evidence . . . contradicts [Paley's] testimony during trial where she stated she made two 911 phone calls.

Appellant argues that the Commonwealth interfered with his diligent attempts to obtain [the] possible second phone call to emergency services which allegedly constitutes newly discovered evidence. However, two years after his judgment of sentence became final, Appellant has not supplied any evidence to support his assertion that the Commonwealth interfered with his ability to obtain this information. On the contrary, the record shows Appellant and his attorney were provided with a disc containing **the 911 emergency call recordings and dispatch summary**. Appellant's own petition[,] which notes that his trial attorney played an audio clip from another witness that was contained on the same disc[,] demonstrates that Appellant was aware of such evidence. Thus, it does not appear that the Commonwealth interfered with Appellant's access to evidence nor his ability to timely file the instant PCRA petitions.

Furthermore, Appellant fails in his attempt to demonstrate his alleged due diligence in learning this information. Appellant cannot demonstrate that he was diligent in obtaining information that had already been provided prior to trial. Moreover, because Appellant cannot demonstrate that the Commonwealth in any manner interfered with his access to this information and the same was known to him prior to trial, he cannot satisfy the due diligence requirement of the governmental interference exception to the PCRA time bar. Thus, Appellant's claim that his petition is not time barred because it meets the governmental interference exception is meritless.

Appellant also contends that his petitions are not time barred because they meet the newly discovered facts exception[.] Similar to [his] governmental interference claim, Appellant relies on the 911 communications related to [Paley] as the basis for his newly discovered facts exception claim. As detailed above, however, Appellant received copies of **the dispatch summary and 911 call** in the Commonwealth's possession through discovery before trial and the record shows that Appellant was aware of these communications. Further, as explained above, even if such facts were unknown to Appellant, he has failed to

establish due diligence in discovering the same. Appellant's Second PCRA Petition and Amended Second PCRA Petition are thus time barred.

PCRA Ct. Op. at 10-12 (emphases added).

We agree with the PCRA's court's analysis. Although Appellant insists that he did not personally possess a copy of Paley's 911 call and dispatch summary before July of 2020, he concedes that trial counsel was in possession of the discovery prior to trial. *See* Appellant's Motion for Post Conviction Collateral Relief, 9/25/20, at 8 (unpaginated), and Exhibit A. The Commonwealth confirmed this in its answer to Appellant's petition for writ of mandamus. *See* Commonwealth's Answer to Appellant's Petition for Writ of Mandamus at 2 (unpaginated) ("All materials related to [Paley's August 12, 2014, 911 call] possessed by the Commonwealth were provided to [Appellant's] counsel pre-trial.").

Therefore, when Paley testified at trial that she made **two** 911 calls on August 12th, trial counsel would have known that the Commonwealth provided only **one recorded call** from the date in question. However, the Dispatch Summary, which was also provided in discovery, included the relevant information, such as Paley's description of the suspect and his car.[5]

---

[5] It appears that, for some reason, the second 911 call was not recorded. Appellant attached to his brief a February 2022 email exchange between his mother and Robbie Cain, Esquire, Assistant Bucks County Solicitor. *See* Appellant's Brief at Exhibit E. Although this email exchange is not part of the certified record, it sheds some light on the "missing" second 911 call.

*(Footnote Continued Next Page)*

*See* Appellant's Amended Second Petition for Post Conviction Collateral Relief, 8/25/21, Exhibit 3. Accordingly, at the time of trial, Appellant's counsel possessed of all the information necessary to challenge Paley's statement that she made two 911 calls, as well as any discrepancies between the descriptions she provided to the 911 dispatcher and her trial testimony. Thus, we agree with the PCRA court that Appellant's petition was untimely filed, and he is unable to demonstrate that either the Commonwealth interfered with his ability to present this claim, or he is in possession of newly discovered facts, which he could not have obtained earlier by the exercise of due diligence. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(ii).

Order affirmed.

_____

Appellant's mother requested information concerning the second 911 call under Pennsylvania's Right to Know Law. See Appellant's Brief at Exhibit E. Attorney Cain responded that he "spoke with 911," who informed him the second call was "supplemented into the first one since . . . it was still open at [the] second time." *Id.*

A review of the Dispatch Summary reveals Paley's first call was received at 1:52 p.m. *See* Appellant's Amended Second Petition for Post Conviction Collateral Relief, 8/25/21, Exhibit 3. The dispatcher noted: "Unk[nown] how entry was made, jewelry and other belongings missing, has been thru the house, [advised] to wait outside." *Id.* At 1:58 p.m., there is a notation: "HOLD." *Id.* The next notation, entered at 2:07 p.m., states: "Male just ran away, got into blue Ford Focus, Richlieu twds Galloway[,] WM . . . early 20's, black hair, olive green shirt." *Id.* More information was provided at 2:09 and 2:12 p.m. *See id.* Thus, it appears the "HOLD" at 1:58 p.m. indicates the time between the first and second 911 calls.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2022